UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN, and DENISE PAYNE,

    Plaintiffs,

vs.

BRE/FLORIDA WELLESLEY L.L.C
A Florida Corporation

    Defendant.

_____/

## INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiffs, ACCESS FOR THE DISABLED, INC., ROBERT COHEN, and DENISE PAYNE (Collectively "Plaintiffs"), by and through the undersigned counsel, hereby sue Defendant, BRE/FLORIDA WELLESLEY L.L.C. (hereinafter "Defendant") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §1281, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based

upon Defendant' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

## PARTIES

2. Plaintiffs, ROBERT COHEN and DENISE PAYNE are residents of the State of Florida and this judicial district, are *sui juris*, are disabled as defined by the ADA, and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiffs use wheelchairs for mobility purposes. Plaintiffs' access to the Defendant's transient lodging facilities commonly referred to as La Quinta Inn located at 5070 N. State Road 7, Tamarac, Florida 33319 ( "the Facility") and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

3. ROBERT COHEN and DENISE PAYNE did in fact visit the Facility as customers of Defendant. ROBERT COHEN and DENISE PAYNE requested an accessible room with mobility features as mandated by the ADA and applicable regulations. Such visit occurred on or about August 17, 2010.[1] All of the violations detailed in this Complaint were confronted by ROBERT COHEN and DENISE PAYNE.

---

[1] *See* Receipt from Robert Cohen attached as Exhibit "1."

2

4. Plaintiffs intend to visit the Facility in the immediate future to meet with other members of ACCESS FOR THE DISABLED for meetings as Plaintiffs have done so in the past, for personal reasons of relaxation and enjoyment, and to verify the Facility's compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Facility. Plaintiffs currently have a reservation to visit the facility within six months.[2] Plaintiffs live near the Facility, have visited the Facility at least twice before and intend on visiting the Facility within the next six months as evidenced by a reservation to do so. Plaintiffs are also very familiar with La Quinta Inn hotels.

5. In this instance, Plaintiffs, ROBERT COHEN and DENISE PAYNE in their individual capacity and as members and testers for ACCESS FOR THE DISABLED, INC., travelled to the Facility, were customers of Defendant, encountered barriers to access at the Facility as detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations discussed below.

6. The barriers to access at Defendant's Facility have denied or diminished ROBERT COHEN, DENISE PAYNE'S and other members of ACCESS FOR THE DISABLED, INC's ability to visit the property and endangered their safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiffs.

---

[2] *See* Reservation for June 1, 2011 attached as Exhibit "2."

7. ACCESS FOR THE DISABLED, INC. is a non-profit Florida corporation. ROBERT COHEN and DENISE PAYNE are members of this organization. This organization's purpose is to, among other things, represent the interest of its members and other persons with disabilities by assuring that places of public accommodation are accessible to and usable by individuals with disabilities. Plaintiffs, and other persons with disabilities, have suffered and/or will suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to remove the physical barriers to access and comply with ADA requirements.

8. Defendant BRE/FLORIDA WELLESLEY L.L.C. is a Delaware Corporation, which at all relevant times was and is a limited liability company authorized to do business in the State of Florida, transacts business in the State of Florida and within this judicial district, with agents and/or offices in Broward County, Florida. Defendant is the owner, lesee, sub-lesee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as La Quinta Inn located at 5070 N. State Road 7, Tamarac, Florida 33319. The Facility is a transient lodging facility comprised of 101 rooms.

## FACTUAL ALLEGATIONS AND CLAIM

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq*.

10. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

- (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

- (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

- (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

- (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

- (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

- (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

- (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

12.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

13.     The Facility is a public accommodation and service establishment as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104..

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

15.     The Facility must be, but are not, in compliance with the ADA and ADAAG.

16.     Plaintiffs have attempted to and have, to the extent possible, accessed the Facility as customers of the Defendant, but could not do so because of their respective disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that have precluded and/or have limited their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Plaintiffs and members of ACCESS FOR THE DISABLED, INC. intend to visit the Facility again in the very near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at these Facility, but will be unable to do so because of their disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18. Defendant has discriminated against Plaintiffs and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiffs.

19. Defendant has discriminated against Plaintiffs by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiffs' ability (because of their disability) to access the Facility and/or full and equal enjoyment of the

7

goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

### ACCESSIBLE ROOMS:

a. There is inaccessible hardware on furniture in accessible rooms in violation of 4.27.4 and 9.2.2(4) of the ADAAG.

b. There are coffee brewing articles in the accessible room that are out of reach ranges required by 4.25.3 and 9.2.2(4) of the ADAAG.

c. Rods to hang clothing in the accessible room are beyond the reach ranges required by 4.25.3 and 9.2.2(5) of the ADAAG.

d. The clothing iron in the accessible room is located beyond the reach ranges required by 4.25.3 and 9.2.2(5) of the ADAAG.

e. The electrical outlets in the accessible room are located beyond the reach ranges required by 4.25.3 and 9.2.2(5) of the ADAAG.

f. The thermostat which controls the air conditioning in the accessible room is located beyond the reach ranges required by 4.25.3 and 9.2.2(5) of the ADAAG.

g. The accessible room lacks roll-in showers in violation of 9.1.2 of the ADAAG.

### ACCESSIBLE ELEMENTS

a. The Facility lacks the required number of accessible rooms in violation of 9.1.2 of the ADAAG.

b. The Facility lacks the required number of accessible rooms with roll-in showers in violation of 9.1.2 of the ADAAG.

c. The lobby restroom door knob requires tight grasping, pinching and twisting of the wrist in violation of 9.2.2(4) and 4.27.4 of the ADAAG.

d. The lobby restroom door only opens to approximately 45 degrees making it inaccessible in violation of 4.27.4 and 9.2.2(3) of the ADAAG.

e. An emergency phone located in the pool area is placed beyond acceptable reach ranges and is otherwise inaccessible due to its placement above thick shrubs in violation of 4.31.2 of the ADAAG.

f. There are changes in levels greater than ½ inch, in violation of 4.3.8 of the ADAAG.

g. The maneuvering clearances at doors to the Facility are less than the prescribed minimums in violations of 4.13.6 of the ADAAG.

20. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility. Plaintiffs require an inspection of Facility in order to determine all of the discriminatory acts violating the ADA and all the barrier to access. As a direct result of the existing barriers to access, Plaintiffs were unable to determine the full extent of non-compliance by the Defendant's Facility and require the opportunity to inspect, photograph and measure the Facility in order to identify all such violations.

21. Plaintiffs have attempted to gain access to the Facility, but because of their disability have been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiffs' disabilities, unless and until Defendant are compelled to remove the unlawful barriers and conditions and comply with the ADA.

22. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

23. Plaintiffs are without adequate remedy at law, are suffering irreparable harm, have a clear legal right to the relief sought and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs.

24. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117.

25. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiffs, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

26. Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiff or waived by Defendant.

WHEREFORE, Plaintiffs respectfully request that this Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiffs their reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 25th day of January, 2011

/s/ Douglas S. Schapiro
Bradley H. Trushin, Esq.
Florida Bar No. 816371
Douglas S. Schapiro
Fla. Bar #54538
Chepenik & Trushin, LLP
Attorneys for Plaintiff
12000 Biscayne Boulevard
Suite 401
North Miami, FL 33181
Tele: 305-981-8889
Fax: 305-405-7979

800456

# Pay less interest:
## Transfer your higher-rate balances

See your personalized, money-saving balance transfer offers that may include:

- No transaction fees
- Rates lower than your purchase rate

**Transfer balances today!**

📱 Give us a call
1-800-833-6393

OR

💻 Go online
transferbalances.capitalone.com/offers





ROBERT COHEN
1491 NW 114TH AVE
CORAL SPRINGS, FL 33071-5761

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

**EXHIBIT**



Home    About La Quinta    Customer Support    Ver en Español

**1-800-SLEEPLQ** (753-3757)

Member #
Password
Password?  JOIN NOW!

Search | New Openings | Hotel Listings | Book Early & Save | My Favorite Hotels | E-Directory | Groups | Sports | Tours

Sign up for email exclusives to receive special discounts and promotional offers.

**RESERVATION DETAILS**

Thank you for choosing La Quinta Inn and Suites. Your reservation details are listed below.
Add to Calendar  Printer Friendly Page   Email this page to a friend   Book another room at this hotel   Add to my "Favorite Hotels"   Change Reservation

CONFIRMATION NUMBER(S):
3137201438

Hotel Reservation Information

**HOTEL**
La Quinta Inn & Suites
Fort Lauderdale Tamarac
5070 North State Rd 7
Fort Lauderdale, FL 33319
1-954-484-6909

La Quinta Inn & Suites Fort Lauderdale Tamarac

Directions:
Directions from Ft. Lauderdale Int'l Airport: Take I-95 West to Ft. Tampike North Exit 62 E. (Commercial Blvd) to S R 7 (441) North. Hotel is 1 block on the right. Directions from Miami: Take I-95 North. Exit 32W (Commercial Boulevard) 3.5 miles to SR 7 (441). Turn right. Hotel is 0.5 block on right.

**TRAVEL DATES**
Check-in: 06/01/2011
Check-out: 06/02/2011
Nights: 1

**ROOM INFORMATION**
Number of Rooms: 1 Room(s)
Number of Adults: 1 Adult(s)
Number of Children: 0 Child(ren)
Room Type: ADA Accessible Deluxe w/1 King Bed
Rate Type: Best Available Rate
Rate Description: Commissionable Includes Free Bright Side Breakfast
Room Rate: 69.00 USD
Total Amount: 69.00 USD + tax
(Total Amount displayed does not include applicable taxes or fees)

Customer Information

Name: Robert Cohen
Address: 1142 Coral Ridge Drive.
City, ST ZIP: Pompano Beach, FL 33071
Email Address: robbie1330@yahoo.com

**BILLING INFORMATION**
Credit Card Type: Visa
Credit Card Number: ***********3250
Expiration Date: 03/2012

**ROOM DESCRIPTION**
ADA Accessible Deluxe w/1 King Bed

This accessible room features the following convenient amenities:

- ADA Accessible Bath w/Area Rails & Grab Bars
- Low Pile Carpet
- Free High-Speed Internet Access
- 27-inch TV w/popular cable channels
- Coffee Maker

Whether you're traveling on business or for pleasure, this room has everything you need to prepare for the day ahead. Other convenient amenities offered with this room include:

- Hairdryer
- Iron w/Ironing Board
- Free Local Calls w/Voicemail
- Sleeps up to 2
- Free Bright Side Breakfast™

Refresh your optimism with a comfortable night's sleep in our deluxe ADA accessible room with one king bed.

**GUARANTEE/CANCELLATION POLICY**
Credit cards: AX CB DC DS JCB VS UT CA required. CANCEL BY 6PM OR UNTIL LOCAL PROPERTY TIME TO AVOID PENALTIES For reservations cancelled within the stated cancellation policy period that includes free night(s) redeemed with La Quinta Returns points, you must contact

https://www.lq.com/lq/reservations/respath                              12/23/2010



EXHIBIT 2